**C. S. SMITH METROPOLITAN MARKET CO. v. FOOD & GROCERY BUREAU OF SOUTHERN CALIFORNIA, Inc., et al.**

District Court, S. D. California, Central Division.

July 24, 1939.

**540**

Pierson & Block and Willard R. Pool, all of Compton, Cal., for plaintiff.

J. Wesley Cupp, of Los Angeles, Cal., for defendants.

YANKWICH, District Judge (after stating facts as above).

The Court is of the view that, leaving aside the question whether the practices of the defendants with regard to maintenance of prices, would be legal or illegal, reasonable or unreasonable, if interstate commerce were involved, the acts complained of do not affect directly interstate commerce and do not constitute a restraint of it.

The plaintiff is a California corporation, engaged solely in the business of selling and distributing food, groceries and allied articles of merchandise at retail in various retail stores owned and maintained by it in the cities of Los Angeles, Long Beach, Lynwood, and Compton, all in the County of Los Angeles, California.

Assuming that some of the products on its shelves are imported from other states, the moment they reach its shelves, they come to rest and cease to be "in the flow" of interstate commerce. Schechter Poultry Corp. v. United States, 1935, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570, 97 A.L.R. 947; Southern Pac. Co. v. Gallagher, 1938, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586.

As they are not subject to regulation by the Congress in that condition, they are not within the contemplation of the Sherman Anti-Trust law, 15 U.S.C.A. §§ 1–7, 15 note, or any other anti-trust statute aiming to prohibit certain practices in interstate commerce.

The activities of the defendants, complained of by the plaintiff, are limited to merchandise of the plaintiff *after it comes to rest.* They are not even statewide, but are limited to six southern counties of California.

So that, whether we look at the facts from the angle of the plaintiff and the nature of the business it is engaged in or from the angle of the defendants, and the nature and extent of the practices charged against them, we are dealing strictly with intrastate activities, which are outside the purview of the Anti-Trust laws and of their penal provisions which allow persons to recover damages for violation thereof. 15 U.S.C.A. § 15. As the plaintiff's bill of complaint has set forth fully the practices of the parties, we have the right to assume that no other facts exist, which would change the activities attributed to the defendants, so as to give them interstate scope.

The motion of the defendants to dismiss the bill of complaint will, therefore, be granted without leave to amend.